The opinion of the Court was delivered by
RiohaRDSON, J.
The question is, whether a party having paramount title to a tract of land, and being in actual possession of a part, and, of course, in constructive possession of the whole, can be deprived of any part of the land by reason of the adverse and exclusive actual possession of that part, by a mere occupant under a younger title.
The general rule is, that where two persons, one the freeholder, and the other a mere occupant, are in possession, that of the owner shall prevail, in exclusion of the other; Salk. 246 ; Lilly, 336 ; or rather the joint possession enures to the sole benefit of the freeholder. But this is not the case when the owner is ousted, and exclusive possession in the occupant of a part, is proof of a disseisin of the freeholder; Plowden, 235 ; and such possession being long continued, is strong proof that it was adverse, and will operate to give a perfect title to the occupant. But though the question is important, I need not investigate the distinction farther, because it has been fully sanctioned. In the case of John Singleton v. Thomas Broadway,[1] 1810, at Columbia, it was taken and recognized by the Constitutional Court. Broadway had taken possession of a small part of Singleton’s plantation, upon which he was living. Singleton was ignorant of the trespass, from not knowing the boundaries of his land ; Broadway, accordingly, remained quiet some ten or twelve years, when Singleton, who was all the time living upon the plantation, sued him. But the jury found for the defendant to the extent of his actual possession of Singleton’s plantation, and the verdict was supported by a full bench of judges. The distinction is therefore established, and the new trial, of course, refused, upon authority. In that case my professional opinion was overruled. But I now fully concur in the decision. I deem it not only concurrent *with the later adjudications under the statute of limitations, but in its true spirit. Whatever L other objects may have been in view, I cannot, from the situation of South Carolina, in 1712, for a moment-,, doubt this intention; that the great Landgrave, who, for a series of years, would not seek the boundaries of his territory, should, through the actual occupancy of another, lose his superfluous terra incognita. And the long and open possession *560 of tlie defendant, under an honest title, makes the application to this case of the popular mode of statutory conveyancing, by possession, a happy and satisfactory one. The motion is refused.
Petigru, for the motion. Martin, contra.
Bay, Colcock, NoTTand Johnson, JJ., concurred.

 MS.